UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CALVIN SCOTT WEDINGTON, | Case No. 17-CV-1024 (JRT/FLN) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| JAILOR LARIVA and FORMER JAILOR B. JETT, et al., | |
| Defendants. | |

Plaintiff Calvin Scott Wedington, a federal prisoner detained at the Federal Medical Center, Devens, filed a petition for a writ of habeas corpus alleging that he was subject to medical malpractice and inhumane conditions while incarcerated at the Federal Medical Center in Rochester, Minnesota.  But, as this Court noted in its May 2, 2017 order, "[i]f the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).  Wedington's petition did not concern the fact or duration of his confinement, but the *conditions* of his confinement.  Such claims must be brought in a traditional civil-rights complaint, not in a habeas corpus petition.  *See Spencer v. Haynes*, 774 F.3d 467, 470-71 (8th Cir. 2014).

Having noted that Wedington brought this action in the improper format, this Court provided Wedington with the opportunity to proceed with a traditional civil-rights action.  *See* ECF No. 4.  The filing fee for such actions is $400.00, however, not the $5.00 for habeas corpus actions that was paid by Wedington.  Further, Wedington is ineligible for *in forma pauperis* status in this action, as he has already incurred three or more strikes pursuant to 28 U.S.C.

§ 1915(g), *see Wedington v. Unnamed Deputy U.S. Marshal*, 670 Fed. App'x 105 (per curiam) (4th Cir. 2016), and the complaint does not establish that Wedington is in imminent danger of serious physical injury.[1]  Wedington was given 20 days in which to pay the required filing fee, failing which it would be recommended that this action be dismissed without prejudice for failure to prosecute.  *See* ECF No. 4 (citing Fed. R. Civ. P. 41(b)).

That deadline has now passed, and Wedington has not paid the required filing fee. Accordingly, this Court now recommends, in accordance with its prior order, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute.  *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE under Fed. R. Civ. P. 41(b) for failure to prosecute.

Dated: May 31, 2017                                   *s/Franklin L. Noel*
                                                      Franklin L. Noel
                                                      United States Magistrate Judge

## NOTICE

---

[1] In both the petition itself and in his "Traverse and Rebuttal," ECF No. 5, Wedington alleges that he was subjected to physical danger while detained at the Federal Medical Center, Rochester.  But Wedington is no longer detained at Rochester.  Since the date this action was filed, he has been detained at Devens.  Thus, the allegations in the complaint and the traverse cannot establish that, due to the conditions Wedington alleges existed at Rochester, he is *currently* "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.