**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| CALVIN SCOTT WEDINGTON,<br><br>Petitioner,<br><br>v.<br><br>JAILOR LARIVA and FORMER JAILOR B. JETT,<br><br>Respondents. | Civil No. 17-1024 (JRT/FLN)<br><br>**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

Calvin Scott Wedington, No. 18915-037, FMC Devens, P.O. Box 879, Ayer, MA 01432, *pro se* petitioner.

Erin M. Secord, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for respondents.

On April 3, 2017, Petitioner Calvin Scott Wedington, currently a federal prisoner, filed a habeas petition pursuant to 28 U.S.C. § 2241, containing allegations of medical malpractice and mistreatment while in custody at a previous location. (Pet. for Writ of Habeas Corpus at 2-3, Apr. 3, 2017, Docket No. 1.) On May 31, 2017, United States Magistrate Judge Franklin L. Noel issued a Report and Recommendation ("R&R") recommending dismissal of the petition. (R&R, May 31, 2017, Docket No. 6.) The Magistrate Judge reasoned that Wedington's action seeks to challenge his conditions of confinement, rather than the fact or duration of confinement, and thus, this action must be brought in a civil-rights complaint instead of a habeas petition. (*Id.* at 1 (citing *Spencer v. Haynes*, 774 F.3d 467, 470-71 (8th Cir. 2014)).) The Magistrate Judge had previously

informed Wedington of this fact and provided him an opportunity to pay the filing fee associated with a civil-rights complaint – in light of Wedington's previous three strikes under 28 U.S.C. § 1915(g) and the fact that he did not allege he was in imminent danger of serious physical injury. (*Id.* at 1-2.) Wedington failed to pay the filing fee, and the Magistrate Judge recommended dismissal of Wedington's action without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute. (*Id.* at 2.) On June 12, 2017, Wedington filed objections to the R&R. (Objs. to R&R, June 12, 2017, Docket No. 7.)

The Court reviews "properly objected to" portions of an R&R de novo. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). Wedington objects to the Magistrate Judge's recommendation that the Court finds he must bring his current action in a civil-rights complaint, stating that a habeas petition "is the only way to bring [an] inhumane conditions" action against the defendants.[1] (Objs. to R&R at 1.) This is incorrect. As discussed by the Magistrate Judge, a petitioner may bring a habeas petition only to challenge "the validity of his conviction or the length of his detention" and not for the conditions of confinement. *Spencer*, 774 F.3d at 469-70 (quoting *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam)). Actions seeking to challenge conditions of confinement are brought through civil-rights complaints under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388

---

[1] One statement in Wedington's objections could be construed as challenging his conviction rather than his conditions, (Objs. to R&R at 1 (stating he "is being held[] unlawfully without a violation on an old charge")), but he does not point to anything in his habeas petition aimed at challenging his conviction. Further, as discussed above, the rest of his objections confirm that he is attempting to challenge his conditions of confinement.

(1971). *See Spencer*, 774 F.3d at 471 (discussing transforming habeas petitions challenging conditions of confinement into *Bivens* or § 1983 claims).

Crucially, Wedington's objections do not call into question the Magistrate Judge's conclusion that he is challenging the conditions of confinement and that he does not clearly state any imminent threat of "serious physical injury" sufficient to avoid the filing fee for maintaining another civil-rights action. 28 U.S.C. § 1915(g); (R&R at 2). Accordingly, the Court will overrule Wedington's objections, adopt the R&R, and dismiss Wedington's petition without prejudice.

Finally, the Court may grant a certificate of appealability only where a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must show that "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir. 1994); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). For purposes of appeal under § 2253, the Court finds that Wedington has not shown that reasonable jurists would find the issues raised in his habeas petition debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings. Therefore, the Court declines to grant a certificate of appealability.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Court **OVERRULES** Wedington's Objections to the R&R [Docket No. 7], and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 6].

2. Wedington's action is **DISMISSED WITHOUT PREJUDICE**.

3. For the purpose of appeal, the Court does not grant a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 3, 2017　　　　　　　　_____s/John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　United States District Court